**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARLOS BRITO-VILLAR,

     **Plaintiff,**

v.                                                                           **No. 10-cv-0837 SMV**

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

     **Defendant.**

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES PURSUANT TO
42 U.S.C. § 406(b)(1)**

THIS MATTER is before the Court on Plaintiff's Opposed[2] Motion for Authorization of

Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) [Doc. 28] ("Motion"), filed on February 12,

2013. The Commissioner responded on March 1, 2013, declining to assert a position on the

Motion because she is not the true party in interest. [Doc. 34] ("Response"). After careful

consideration of the pertinent law and the briefing, the Court concludes that the Plaintiff's fee

request for $11,429.75 is reasonable and should be authorized.

**Background**

Plaintiff applied for Social Security Disability Benefits on June 4, 2007, claiming an

onset of disability of September 1, 2004. Administrative Record ("Rec.") at 100–01. This

application was denied both initially and after a hearing before an Administrative Law Judge

("ALJ"). *See generally id.* at 56–58, 14–29. Plaintiff timely appealed the Unfavorable Decision

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).
[2] Defendant does not oppose the motion. *See* Defendant's Response [Doc. 34], at 1.

to the Appeals Council, *id.* at 11–13, but the Appeals Council denied the request for review by

Notice dated July 21, 2010, *id.* at 1-5.

On November 19, 2009, while his appeal was pending, Plaintiff filed a second application

for disability benefits upon the advice of Counsel.

Plaintiff timely filed a Complaint with the Court on September 9, 2010.  Complaint

[Doc. 1].  Upon Plaintiff's Motion . . . to Reverse or Remand Agency's Decision [Doc. 18], the

Honorable Don J. Svet, then United States Magistrate Judge, entered an Order on June 14, 2011

remanding this matter for further administrative proceedings pursuant to Sentence 4.

Memorandum Opinion and Order [Doc. 23].

After remand, ALJ James A. Burke issued a Fully Favorable Decision on April 18, 2012,

finding Plaintiff disabled and eligible for disability benefits under Title II of the Social Security

Act as of September 1, 2004.  Per the Notice of Award [Doc. 29-1], Plaintiff's total retroactive

disability benefits, from June 2006 through April 2012, was $81,735.00.  A total of $20,433.75

(25% of the back benefits) was withheld from Plaintiff's past due benefits in case Plaintiff's

Counsel needed to be paid.  [Doc. 29-1].

Following submission of a Fee Petition seeking approval of attorney's fees of $9,004.00,

ALJ Burke authorized Plaintiff's Counsel to charge and collect a fee in the amount of $9,004.00

for work performed before the SSA Commissioner.  [Doc. 38-1].

## Discussion

 Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides that a

district court may award a "reasonable" attorney fee, not in excess of 25% of past-due benefits,

under Title II of the Social Security Act for an attorney's representation of a claimant for Title II

benefits before that court.  42 U.S.C. § 406(b).

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter [i.e. Title II] who was represented before the court
> by an attorney, the court may determine and allow as part of its
> judgment a reasonable fee for such representation, not in excess of
> 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).

The statute limits § 406(b) awards to cases in which a Title II claimant actually receives

past-due benefits as a result of litigation, limits awards to at most 25% of past-due benefits, and

requires a "reasonable" fee.  *Id.* A federal court does not determine whether to award any fee for

representation under section 406(a) for work done before the Commissioner, and the

Commissioner does not make fee awards for work done before the court.  *McGraw v. Barnhart,*

450 F.3d 493, 498 (10th Cir. 2006).

"The tenor of 406(b) is permissive rather than mandatory.  It says that the court may

make such an award, not that such an award shall be made."  *Whitehead v. Richardson*, 446

F.2d 126, 128 (6th Cir. 1971).  The *Whitehead* court reasoned that "Congress recognized the

difference between the mandatory term 'shall' and the permissive term 'may.'"  *Id.*

Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides

that the Court is expected to determine and allow attorney's fees.  *Id.*  Traditionally, an

award of attorney's fees is a matter within sound discretion of the court.  *Id.*

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court concluded that

§ 406(b) was designed by Congress to "control, not displace, fee agreements between Social

Security benefit claimants and their counsel." *Id.* at 792. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* 807. The statute imposes the 25% of past due benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness. *Id.*

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.

In this case, the contingent fee contract provides that Plaintiff will pay a fee equal to 25% of his past due benefits if Counsel represented him before the Appeals Council or in federal court, followed by a favorable outcome, without limitation to the applicable maximum amount set by the Commissioner. [Doc. 29-2]. Under the terms of the fee contract, in no event shall the fee exceed 25% of past due benefits awarded. *Id.* Plaintiff's Counsel is requesting $11,429.75, which, when combined with the fee award from the SSA ($9,004.00), will result in Plaintiff's

4

Counsel receiving exactly 25% of the back benefits award—in other words, exactly the amount anticipated by the contingent fee contract.

The Court recognizes that representing individuals in Social Security cases can be difficult, particularly where the claimant is a "younger individual" such as Plaintiff.  Counsel has spent 32.85 hours representing Plaintiff before this Court, and Counsel's assistant(s) spent 6.85 hours.  [Doc. 29-4].  These hours do not include time counsel spent seeking approval of the requested fees.  *Id.*  Counsel was not responsible for any significant delays in this matter. Counsel obtained an excellent result for Plaintiff, who received $81,735.00 in past due benefits through April 2012, and will continue to receive disability benefits until he dies, reaches retirement age, or is no longer disabled.  The fee requested would hypothetically result in an hourly rate of $325.00 for attorney time and $110.00 for paralegal time for the time before this Court.  The Court finds that this hypothetical hourly rate does not result in a windfall to Counsel. *See, e.g.*, *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir. 2009).

Finally, the Court notes that Plaintiff's Counsel has already been awarded attorney's fees of $6,319.10 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  See Order [Doc. 27].  When fees are awarded under both 42 U.S.C. § 406(b) and EAJA, claimant's counsel must refund to plaintiff/claimant the amount of the smaller fee.  *Gisbrecht*, 535 U.S. at 796.  Any EAJA fee offset should be considered when determining whether a fee requested pursuant to 42 U.S.C. § 406(b) is reasonable**.**  *Id.* at 797.  Thus, considering the EAJA fee offset and the amount awarded by the Commissioner of $9,004.00, for work performed before the Commissioner,

[Doc. 38-1], Plaintiff will be out of pocket only $14,114.75 for attorney fees, which is approximately 17% of his past due benefits.

Having reviewed the particular facts of this case in light of the Supreme Court's holding in *Gisbrecht*, the Court determines that Plaintiff's fee request of $11,429.75 is reasonable.

In addition to determining whether the fee request is reasonable, this Court must determine whether the fee request has been timely filed. *See McGraw,* 450 F.3d at 505. The Court determines that Plaintiff's Motion [Doc. 28] has been timely filed, as it was filed within a reasonable time of receipt of the Favorable Decision and Notice of Award. The Favorable Decision was issued on April 18, 2012 and the Notice of Award was issued on August 12, 2012. [Doc. 29-1]. The Motion was filed on February 12, 2013, six months after the Notice of Award. [Doc. 28]; *see also McGraw*, 450 F.3d at 505 (it is within the sound discretion of the district court to determine whether a motion for attorney fees was timely filed.); *cf. Early v. Astrue*, No. 07-6294, 295 F.App'x 916, 918–19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (district court did not abuse its discretion in finding 406(b) motion untimely where filed more than 15 months after ALJ had issued favorable decision on remand).

### Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. §406(b)(1) [Doc. 28] is **GRANTED.** The SSA Commissioner is **ORDERED** to pay Plaintiff's attorney $11,429.75 for fees incurred in representing Plaintiff before this Court and in this matter. These fees are in addition to the attorney fees approved by the Social Security Administration, in the amount of

$9,004.00, for representation of Plaintiff at the administrative level.  [Doc. 38-1].  These fees are to be paid from Plaintiff's retroactive benefits.

Plaintiff's attorney has already been paid EAJA fees of $6,319.10.  Upon receipt of fees awarded by this Court, Plaintiff's counsel **IS ORDERED** to promptly refund to Plaintiff the amount of the EAJA fees, i.e., $6,319.10.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**